## WROBEL v. OVERHOLSER.

### No. 8852.

United States Court of Appeals
District of Columbia.

Decided Dec. 4, 1944.

Mr. Rudolph Joseph Wrobel, Jr., pro se.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Appellant filed his petition for a writ of habeas corpus in the District Court, challenging the legality of his commitment to St. Elizabeths Hospital and of his continued confinement. The writ was granted and on July 17, 1944, a hearing was held thereon, after which the Court continued the hearing until July 24, 1944 and entered the following order in the lunacy proceeding No. 25577, In the Matter of Rudolph J. Wrobel, under which the petitioner stood committed: "It appearing to the Court that Rudolph J. Wrobel, respondent, had demanded a hearing by the Court, after the Report and Recommendations of the Commission on Mental Health had been filed herein, on May 21, 1943, and that Rudolph J. Wrobel subsequently withdrew this demand for a hearing by the Court in writing, but upon conditions which could not be acceded to, it is the opinion of this Court that his withdrawal of his demand for a hearing failed to constitute a 'legal waiver' and therefore the Order of Adjudication and Commitment of Rudolph J. Wrobel, was improvidently entered on May 28, 1943; and it is by the Court, this 20th day of July, A. D. 1944; ORDERED AND DECREED: 1. That the Order of Adjudication and Commitment of Rudolph J. Wrobel, entered in the above entitled cause on May 28, 1943, be and the same is hereby rescinded and set aside, and 2. That Rudolph J. Wrobel be and he hereby is granted a hearing by the Court on the 24th day of July, 1944." On July 24, 1944, pursuant to the order, and before another judge of the District Court, a hearing was held in the lunacy proceedings; an order of adjudication of insanity and of commitment was entered, committing petitioner to St. Elizabeths Hospital. Thereafter, the hearing upon the writ of habeas corpus was resumed, the Court was informed of the new findings, adjudication and commitment in the lunacy proceedings; it concluded that the petitioner was legally detained; and on July 27, 1944, discharged the writ of habeas corpus and remanded the petitioner to custody. This appeal followed.

The applicable statute[1] provides an administrative procedure for determining sanity or insanity and permits the alleged

---

[1] D.C.Code (1940) §§ 21—311, 21—312: "Upon the receipt of the report and recommendation of the commission, a copy shall be served personally upon the alleged insane person, his guardian ad litem, or his attorney, if he has one, together with notice that he has five days within which to demand a jury trial. A demand for hearing by the court, or a demand for jury trial for the purpose of determining the sanity or insanity of the alleged insane person may be made by the said alleged insane person or by anyone in his behalf, or a jury trial may be ordered by the court upon its own motion. If demand be made for a jury trial, or such trial be ordered by the court on its own motion, the case shall be calendared for trial not more than ten days after demand for hearing by the court for a jury trial, unless the time is extended by the court."

insane person to demand a jury trial of the issue, or a hearing by the Court, if he is not satisfied with the result of the administrative determination. The record in the case shows, as pointed out by the trial judge, that appellant's communication addressed to the Commission on Mental Health withdrew his former verbal request —to a physician at Gallinger Hospital— for "a hearing by the Court in preference to a trial by jury," but qualified this withdrawal by a condition that the Commission change its mind and amend its report by adopting a long, argumentative, discursive recital of facts and contentions. It is very doubtful whether all this constituted a demand such as is contemplated by the statute and it is exceedingly probable that the original adjudication and commitment were valid. But, in any event, appellant has nothing to complain of in this respect because the point was decided in his favor.

The procedure thereafter adopted by the trial judge conformed to that specified by this Court in the case of Barry v. Hall,[2] and his decision is, consequently, affirmed upon the authority of that case.

Affirmed.

[2] 68 App.D.C. 350, 358, 98 F.2d 222, 230.